**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | |
|---|---|
| ANALLELI ROSAS AGUILAR<br>3401 Dodge Park Road Apt. T2<br>Hyattsville, Maryland 20785<br><br>   *Plaintiff*,<br> v.<br><br>HOT SUBS, INC.<br>9201 Woodmore Center<br>Lanham, Maryland 20706<br><br>SERVE: Rokshana Mannan<br>   9201 Woodmore Center<br>   Lanham, Maryland 20706<br><br>NEW FRESH FOOD, INC.<br>9141 Alaking Court<br>Capitol Heights, Maryland 20743<br><br>SERVE:  Rokshana Mannan<br>   10539 Campus Way South<br>   Largo, Maryland 20774<br><br>CAPITOL FOOD, INC. d/b/a SUBWAY<br>10428 Campus Way South<br>Largo, Maryland 20774<br><br>SERVE: Rokshana Mannan<br>   10428 Campus Way South<br>   Largo, Maryland 20774<br><br>SAPON RAHAMAN<br>25561 Royal Hunter Drive<br>Aldie, Virginia 20105<br><br>ROKSHANA MANNAN<br>25561 Royal Hunter Drive<br>Aldie, Virginia 20105<br><br>   *Defendants*. | Civil Action No.: 20-267 |

## COMPLAINT

Plaintiff, Anelleli Rosas Aguilar ("Plaintiff Aguilar") brings this action against Defendants, New Fresh Food, Inc. ("NFF"), Hot Subs, Inc. ("HSI"), Capitol Food, Inc. ("CFI"), Sapon Rahaman ("Rahaman") and Rokshana Mannan ("Mannan") for violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. § 3-415, *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., § 3-501, *et seq*. Plaintiff brings this action to recover unpaid, illegally withheld minimum wage and overtime compensation along with liquidated damages and attorney's fees and costs.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

2. This Court has *in personam jurisdiction* over Defendants because they conduct business in the State of Maryland and all of the events giving rise to these claims occurred in Maryland.

## THE PLAINTIFF

3. The Plaintiff is an adult resident of Prince George's County, Maryland and was employed by the Defendants from in or around March 2017 until approximately September 21, 2019.

## THE DEFENDANTS

4. NFF is a corporation organized under the laws of the state of Maryland. NFF owns and operates a Subway restaurant franchise located at 9141 Alaking Court, Capitol Heights, Maryland 20743, where Plaintiff worked during part of the time which is the subject of this Complaint. NFF was an employer of the Plaintiff within the meaning of the FLSA, MWHL and the MWPCL because it, by and through its owners, directors, officers and agents, employed the Plaintiff directly, hired her, set her rate of pay, set the terms and conditions of her employment, set her schedule, directed her in the performance of her work, maintained employment records for Plaintiff, disciplined her, and paid her wages.

5. HSI is a corporation organized under the laws of the State of Maryland. HSI owns and operates a Subway restaurant franchise located at 9201 Woodmore Center, Lanham, Maryland 20706, where Plaintiff worked for part of the time period which is the subject of this Complaint. HSI was an employer of the Plaintiff within the meaning of the FLSA, MWHL and the MWPCL because it, by and through its owners, directors, officers and agents, employed the Plaintiff directly, hired her, set her rate of pay, set the terms and conditions of her employment, set her schedule, directed her in the performance of her work, maintained employment records for Plaintiff, disciplined her, and paid her wages.

6. CFI is a corporation organized under the laws of the State of Maryland. CFI owns and operates a Subway restaurant franchise located at 10428 Campus Way South, Largo, Maryland 20774, where Plaintiff worked during part of the time period which is the subject of this Complaint. CFI was an employer of the Plaintiff within the meaning of the FLSA, MWHL and the MWPCL because it, by and through its owners, directors, officers and agents, it employed the Plaintiff directly, hired her, set her rate of pay, set the terms and conditions of her employment, set her

schedule, directed her in the performance of her work, maintained employment records for Plaintiff, disciplined her, and paid her wages.

7. NFF, HSI and CFI are a single "Enterprise" within the meaning of 29 U.S.C. § 203 (r)(1), as they: (1) perform related activities; (2) through unified operations and common control of Defendants Rahaman and Mannan; (3) for a common business purpose. NFF, HSI and CFI constitute an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as they, either alone or collectively, have: (1) employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

8. Rahaman is the manager of NFF, HSI, and CFI. He was an employer of Plaintiff within the meaning of the FLSA, MWHL and the MWPCL because he: (1) had functional and operational control over the day-to-day affairs of NFF, HSI, and CFI and is significantly involved in their operations; (2) controlled the corporate funds which were used to pay Plaintiff and other employees and could allocate funds as profits; (3) controlled the terms and conditions of Plaintiff's employment, including determining Plaintiff's rate of pay and how often she was paid; (4) made decisions about how many hours Plaintiff was paid; (5) set the Plaintiff's work schedule and directed Plaintiff in the performance of her work; (6) provided Plaintiff with the tools and materials necessary to do her work; (7) maintained employment records; (8) could discipline the Plaintiff; and (9) had authority to hire and fire Plaintiff.

9. On information and belief Mannan is an owner of NFF, HSI, and CFI. Mannan is also director of all three entities and an officer. Mannan was an employer of Plaintiff within the

meaning of the FLSA, MWHL and the MWPCL because she: (1) is an owner, officer, and director of NFF, HSI and CFI and has functional and operational control over their day-to-day affairs and is significantly involved in their operations; (2) controlled the corporate funds which were used to pay Plaintiff and other employees and could allocate funds as profits; (3) had authority to control the terms and conditions of Plaintiff's employment, including the ability to set or change Plaintiff's rate of pay and how often she was paid; (4) could make decisions about how many hours Plaintiff was paid for and was in whole or in part responsible for the decision not to pay Plaintiff for all hours worked since Mannan also signed Plaintiff's paychecks; (5) had authority to set the Plaintiff's work schedule and direct Plaintiff in the performance of her work; (6) maintained employment records; (7) could discipline the Plaintiff; and (8) had authority to hire and fire Plaintiff. Specifically, Mannan interviewed Plaintiff before she was hired and was involved in the decision to hire her.

## STATEMENT OF FACTS

10. At all times relevant to the Complaint, Plaintiff was employed by the Defendants as a food service worker at Subway restaurant franchise consisting of three Subway restaurants operated by Mannan and Rahaman - NFF, HSI, and CFI ("Subway"). Plaintiff's primary duties included, but were not limited to, preparing Subway sandwiches, greeting customers, cleaning the kitchen and dining area, and operating the cash register.

11. At all times relevant to the Complaint, Defendants paid Plaintiff strictly on an hourly basis. Plaintiff's hourly rate ranged from a starting rate of $10.75 per hour to $12.50 per hour.

12. At all times relevant to the Complaint, Defendants Rahaman and Mannan assigned Plaintiff to work at one or more of the three Subway restaurants they own and/or operate (*i.e.* NFF, HSI, and CFI) and regularly assigned Plaintiff to work in excess of 40 hours per week.

13.     Prior to May 2018, Plaintiff typically worked fewer than 10 hours of overtime each week and in some weeks did not work overtime. After May 2018, and continuing until she stopped working for Defendants, Plaintiff worked between 90- and 100-hours total in many weeks. Sometimes working in excess of 16 hours per day and six days per week. Plaintiff sometimes took a 10-15-minute meal break in between shifts, but usually just ate while she was working.

14.     Defendants never paid Plaintiff an overtime premium equal to one and one-half times her hourly rate for the hours in excess of 40 that she worked for them each week and instead paid Plaintiff her regular hourly rate for all hours worked, including overtime hours.

15.     In addition, Defendants did not pay Plaintiff for all of her worktime, including overtime and straight-time hours.

16.     Defendants used a third-party payroll vendor to pay Plaintiff and to avoid detection for their overtime violations, they paid Plaintiff using one or more of the multiple entities that they owned (*i.e.* Defendants NFF, HSI, and CFI) but divided Plaintiffs total work hours across the three entities so it would not appear that she worked overtime. And, when Plaintiff received a raise to $12.50 per hour, Defendants paid Plaintiff the extra $0.50 in cash and not through the payroll system.

17.     The amount owed to the Plaintiff will be calculated after Plaintiff obtains her time records which are in the Defendants' exclusive possession.

## COUNT I
## VIOLATIONS OF THE FLSA
## 29 U.S.C. §§ 201 – 216 (b)

18.     Plaintiff repeats and incorporates by reference all allegations set forth above.

19.     At all times relevant to this Complaint, Defendants were "employers" of the Plaintiff within the meaning of the FLSA.

6

20. At all times relevant to the Complaint, Plaintiff was an employee of each Defendant within the meaning of the FLSA.

21. At all times relevant to this Compliant Plaintiff was engaged in commerce and/or handled goods that have been moved in commerce, alternatively, Defendants constitute an enterprise engaged in commerce.

22. Defendants violated the FLSA by knowingly failing to pay Plaintiff one and one-half times her regular hourly rate for each hour over 40 that she worked during each workweek that Plaintiff was employed by Defendants.

23. In addition, Defendants did not pay Plaintiff for all hours (including straight-time and overtime) that she worked.

24. Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith.

25. Defendants are liable to Plaintiff under 29 U.S.C. § 216(b) of the FLSA, for her unpaid and illegally withheld overtime and minimum wage compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses and any other relief deemed appropriate by the Court.

**COUNT II**
**VIOLATIONS OF THE MWHL**
**Md. Code Ann., Lab. & Empl. § 3-420**

26. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

27. At all times relevant to this Complaint, Defendants were employers of the Plaintiff within the meaning of the MWHL.

28. At all times relevant to this Complaint, Plaintiff was an employee of each Defendant within the meaning of the MWHL.

29. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times her regular hourly rate for each hour over 40 that she worked or not paying her any compensation, not even minimum wage, for some of her hours, including straight-time and overtime.

30. Defendants knowingly, willfully and intentionally violated Plaintiff's rights, under the MWHL and did not act in good faith, making them liable for liquidated damages.

31. As a result, Defendants are liable to Plaintiff pursuant to the MWHL for her unpaid and illegally withheld overtime and minimum wages for the statutory period, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT III
## VIOLATIONS OF THE MWPCL
### Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-509

32. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

33. Defendants knowingly, willfully and intentionally violated Plaintiff's rights under the MWPCL by failing to pay Plaintiff an overtime premium for her overtime hours, and by failing to pay Plaintiff for all hours worked (including straight and overtime hours) and Defendants' unlawful failure or refusal to pay the required wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

34. Defendants are liable to Plaintiff pursuant to the MWPCL for illegally withheld straight-time and overtime wages for the statutory period, an additional amount equal to double the unpaid overtime wages as liquidated damages, litigation costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant her the following relief:

a) enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiff in the amount of the Plaintiff's respective unpaid and illegally withheld overtime and minimum wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWHL in the amount of Plaintiff's unpaid and illegally withheld overtime and minimum wages and an equal sum as liquidated damages;

c) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWPCL in the amount of Plaintiff's unpaid and illegally withheld straight-time wages and overtime wages and a sum equal to double liquidated damages under the MWPCL;

d) award Plaintiff her costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. § 3-507.2; and

e) permanently enjoin Defendants from committing further violations of the FLSA, the MWHL and the MWPCL.

Respectfully submitted,

/s/Suvita Melehy
Maryland Bar No.: 13068
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: smelehy@melehylaw.com
*Attorneys for Plaintiff*