## Settlement Agreement

This Settlement Agreement ("Agreement") is made and entered into as of this ___ day of _____, 2021 (the "Effective Date"), by and between **Analleli Rosas Aguilar** ("Aguilar") and **Hots Subs, Inc., New Fresh Food, Inc., Capitol Food, Inc., Sapon Rahman and Rokshana Mannan** (collectively referred to as "Hot Subs Parties"), (all together, the "Parties"). This Agreement sets forth the understandings and resolutions between the Parties.

WHEREAS, Aguilar has filed suit in the United States District Court for the District of Maryland, *Aguilar v. Hot Subs, et al.* (the "Case"), alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C §§ 201, *et seq.*, Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. § 3-415, *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., § 3-501.

WHEREAS, the Hot Subs Parties deny any liability in this matter.

WHEREAS, it is the intention of the Parties to reach a global settlement of any and all claims that Aguilar has asserted or could have asserted against the Hot Subs Parties in this civil action.

WHEREAS, the Parties have entered into this Agreement to resolve a *bona fide*, good faith dispute as to Aguilar's possible entitlements under the FLSA, MWHL, and the MWPCL, therefore, the Parties desire to resolve all matters and disputes concerning unpaid wages between them amicably so as to avoid any future litigation;

NOW, THEREFORE, it is hereby agreed between Aguilar and the Hot Subs Parties to fully and finally settle and completely dispose of all existing or potential issues, claims, grievances and disputes between them from the beginning of time until the present, accordingly,

IN CONSIDERATION OF THE MUTUAL PROMISES MADE HEREIN:

1. **Settlement Payment**. The Hot Subs Parties agree to pay the sum of Forty-two Thousand Dollars ($42,000.00) ("Settlement Payment") in full and final settlement of Aguilar's claims against the Hot Subs Parties reflecting the following components:

   a. Unpaid wages: $10,000.00

   b. Equal amount of the unpaid wages as Liquidated Damages: $10,000.00

   c. Aguilar's Attorney Fees and Costs: $22,000.00.

The Settlement Payment amounts represent unpaid wages and liquidated damages shall be delivered to Aguilar's attorney in the form of checks made payable to "Melehy & Associates LLC, for the Benefit of Analleli Aguilar." The Settlement Payment amounts for attorneys' fees and costs shall also be delivered to Aguilar's attorney in the form of checks made payable to "Melehy & Associates LLC." The total Settlement Payment shall be made over six equal payments as follows:

**EXHIBIT A**



*Settlement Agreement*
*Aguilar v. Hot Subs, Inc., et al*
Page 2 of 8

     i. Within thirty (30) calendar days of approval of this Agreement by the Court, the Hot Subs Parties shall begin making payments in equal installments of $7,000.00 each over a 6-month period. Each $7,000.00 payment shall be due within 30 days of the previous installment payment until paid in full and shall be apportioned in the following manner:

| Payment Number | Check Made Payable To | Check Amount |
|---|---|---|
| 1 | Analleli Rosas Aguilar | $3,333.34 |
| 1 | Melehy & Associates LLC | $3,666.66 |
| 2 | Analleli Rosas Aguilar | $3,333.33 |
| 2 | Melehy & Associates LLC | $3,666.67 |
| 3 | Analleli Rosas Aguilar | $3,333.33 |
| 3 | Melehy & Associates LLC | $3,666.67 |
| 4 | Analleli Rosas Aguilar | $3,333.33 |
| 4 | Melehy & Associates LLC | $3,666.67 |
| 5 | Analleli Rosas Aguilar | $3,333.33 |
| 5 | Melehy & Associates LLC | $3,666.67 |
| 6 | Analleli Rosas Aguilar | $3,333.33 |
| 6 | Melehy & Associates LLC | $3,666.67 |



ii. All payments made pursuant to this Agreement shall be delivered to

Melehy & Associates LLC
8403 Colesville Rd.
Suite 610
Silver Spring, MD 20910.

2. **Default.** If the Hot Subs Parties fail to make any payment due under this Agreement, the Hot Subs Parties shall be in default of this Agreement. In the event of default, Aguilar shall notify the Hot Subs Parties, by electronic mail, to the attention of counsel Keith Lively, that the Hot Subs Parties are in default under this Agreement and allow them five (5) calendar days from the date of the notice to cure the default by paying, in full any arrears then due and owing. In the notice, Aguilar will specify the arrearage amount which is to be cured by the Hot Subs Parties. In addition, the Hot Subs Parties shall also be in default if any bankruptcy or insolvency proceedings are commenced by or instituted against any one of the Hot Subs Parties. In the event bankruptcy or insolvency proceedings are instituted by or against any one of the Hot Subs Parties, Aguilar shall have the right to declare all remaining balance of the Settlement Payment to be immediately due and owing. Aguilar shall not be required to give any notice of acceleration to the Hot Subs Parties.

If the Hot Subs Parties fail to cure a default for failure to make a payment within five (5) calendar days of the notice, or fail to pay the entirety of the remaining balance of the Settlement Payment in the event default caused by the commencement or institution of bankruptcy or insolvency proceedings, the Hot Subs Parties consent to the entry of judgment in favor of Aguilar and against the Hot Subs Parties, jointly and severally, in the United State District Court for the District of Maryland or any other state or federal court of competent jurisdiction, in the amount of the entire unpaid balance due under this Agreement, plus interest at the agreed upon rate of ten percent 10% per annum, accruing from the date of default by the Hot Subs Parties, along with the attorneys' fees and costs expended by Aguilar's attorneys to collect the unpaid balance and/or otherwise secure the Hot Subs Parties' compliance with this Agreement, subject to any stay issued by the Bankruptcy Courts preventing entry of judgment. Accordingly, the Hot Subs Parties authorize any attorney who is licensed in the State of Maryland to file the Confessed Judgment attached hereto as Exhibit 1. The United States District Court for the District of Maryland shall retain jurisdiction to enforce any term of this Agreement.

3. **No Pending or Future Actions**. Aguilar warrants that other that Civil Case No. 8:20-cv-00267, she has no civil actions pending against the Hot Subs Parties, including but not limited to actions before any court, administrative agency, government agency, board, or commission. The Hot Subs Parties warrant that none of them have any civil actions pending against Aguilar, including but not limited to actions before any court, administrative agency, government agency, board, or commission.

4. **Non Disparagement.** The Parties agree that they will not make statements or representations, or otherwise communicate, directly or indirectly, in writing, orally or otherwise, or take any action which may, directly or indirectly, disparage any individual adverse party in



connection with the litigation or this Agreement. Notwithstanding the foregoing, nothing in this Agreement shall preclude the Parties from making truthful statements that are required by applicable law, regulation, or legal process.

5. **No Admission of Liability.** This Agreement is not in any way to be deemed an admission of liability or concession of the truth of any allegation, the validity of any claim asserted in the dispute, or any fault on the part of the respective Parties. All such allegations are expressly denied.

6. **Dismissal of Suit.** Aguilar agrees that she will dismiss, with prejudice, her suit currently filed in the United States District Court for the District of Maryland, Civil Case No. 8:20-cv-00267 with prejudice within five (5) business days following receipt of the total Settlement Payment identified in Paragraph 1 of this Agreement.

7. **No Assignment.** Aguilar represents that she has not assigned, transferred, or purported to assign or transfer, to any person or entity, other than her lawyers in this case, any claim against the Hot Subs Parties or portion thereof or interest therein.

8. **Governing Law and Interpretation.** The Parties agree that this Agreement and the rights and obligations hereunder shall be governed by, and construed in accordance with, the law of Maryland. The Parties agree that any dispute arising out of this Agreement shall be adjudicated solely and exclusively in the United States District Court of Maryland or the Circuit Court for Montgomery County Maryland. The Parties expressly waive any objection to jurisdiction and venue herein, including but not limited to personal jurisdiction and *forum nonconveniens*.

9. **Severability.** The Parties agree that, if any terms of the above provisions of the Agreement are found null, void, or inoperative, for any reason, the remaining provisions will remain in full force and effect.

10. **Entire Agreement.** The Parties agree that this Agreement contains and comprises the entire agreement and understanding of the Parties and that there are no additional promises or terms of the Agreement among the Parties that have not been incorporated in this Agreement.

11. **Amendment.** The Parties agree that this Agreement shall not be modified except in writing signed by each and all of the Parties hereto.

12. **No Presumption Against Drafter.** This Agreement shall be construed without regard to any presumptions or other rule requiring construction against the party causing the Agreement to be drafted.

13. **Warranty.** Each Party hereby warrants that they have reviewed the terms and conditions of the Mutual Release and Confidential Settlement Agreement and they have the authority to enter into and fulfill the obligations of the Agreement.



*Settlement Agreement*
*Aguilar v. Hot Subs, Inc., et al*
Page 5 of 8

    The Parties also warrant that they are represented by counsel of their choosing, that they have independently made their own analysis and decision to enter into this Agreement, that they consider this Agreement to be valid and reasonable, and if signing in a representative capacity, that they are duly authorized to execute this Agreement on behalf of their respective Parties.

    By signing this Agreement on behalf of Hot Subs, Inc., New Fresh Food, Inc. and Capital Food, Inc., Sapon Rahman acknowledges that he has the actual authority to bind these companies and execute the Agreement on their behalf.

    14. **Counterparts**. This Agreement shall become effective upon its execution by all Parties. The Parties may execute this Agreement in facsimile or electronic counterparts. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument. This Agreement is in effect when all Parties have executed the Agreement and provided executed copies to all Parties hereto.

    15. **Taxability of the Funds**. Aguilar agrees to be solely responsible for, and to hold harmless the Hot Subs Parties for any employee portion of federal, state or other tax liability which may or may not accrue as a result of the Settlement Payment. Aguilar further agrees that the Hot Subs Parties have made no warranties regarding the taxability of the Funds and have not rendered any tax advice to Aguilar.

*Signatures on next page:*



In witness whereof, the Parties have executed this Release the day and year above written.

DocuSigned by:

_____ 3/24/2021
Analleli Rosas Aguilar                  Date

_____ _____
Hot Subs, Inc.                          Date
by Sapon Rahman
District Manager and
Authorized Representative

_____ _____
New Fresh Food, Inc.                    Date
by Sapon Rahman
District Manager and
Authorized Representative

_____ _____
Capitol Food, Inc.                      Date
by Sapon Rahman
District Manager and
Authorized Representative

_____ 03-17-2021
Sapon Rahman, Individually              Date

_____ 03-17-2021
Rokshanna Mannan, Individually          Date

EXHIBIT 1

DocuSign Envelope ID: 61E4CE86-C188-4DFD-A6E3-E28F6BBCB9C8

**EXHIBIT 1**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANALLELI ROSAS AGUILAR, <br><br> *Plaintiff,* <br><br> v. <br><br> HOT SUBS, INC., *et al.*, <br><br> *Defendants.* | Civil Action No.: 8:20-cv-00267-GLS |

## CONFESSED JUDGMENT

It appearing to the Court that the parties have agreed that a Confessed Judgment shall be entered against the **Hots Subs, Inc., New Fresh Food, Inc., Capitol Food, Inc., Sapon Rahman and Rokshana Mannan**, individually and in their official capacities (collectively referred to as the "**Defendants**"), and in favor of **Analleli Rosas Aguilar** ("**Plaintiff**"), to wit:

1. That a Settlement Agreement was entered into by the parties hereto dated _____, wherein the Defendants acknowledges an indebtedness to the Plaintiff that includes the amount originally claimed of $42,000.00, and Defendants agreed to make payments to the Plaintiff on that indebtedness. A copy of the Settlement Agreement is attached hereto;

2. That the Settlement Agreement further provides that should Defendants fail to make any payment when due (hereinafter "Event of Default"), and the Event of Default

DocuSign Envelope ID: 61E4CE86-C188-4DFD-A6E3-E28F6BBCB9C8

failing to be cured, that a confessed judgment shall be entered against Defendants for the full outstanding indebtedness, less a credit for sums paid;

3. As of the date of filing this Confessed Judgment, Defendants have paid _____ - this amount is to be deducted from the $42,000.00 indebtedness;

4. The Event of Default has occurred, has not been cured, and Plaintiff is entitled to a judgment as provided above; and

It is therefore ORDERED, ADJUDGED, AND DECREED that a judgment shall be entered in favor of **Analleli Rosas Aguilar** against **Hots Subs, Inc., New Fresh Food, Inc., Capitol Food, Inc., Sapon Rahman and Rokshana Mannan**, individually and in their official capacities jointly and severally in the amount of $_____.

_____
Judge
United States District Court
for the District of Maryland